## JOHNSON et al. v. REECE et al.

Court of Appeals of Kentucky.
May 30, 1952.

J. R. Llewellyn, McKee, for appellants.

Lewis & Weaver, London, for appellees.

CLAY, Commissioner.

M. L. Harrison, at the age of 86, conveyed a valuable tract of land to one of his daughters and her husband. After his death, the heirs at law brought suit to cancel the deed on the grounds of undue influence and mental incapacity. They were successful in the court below.

The deed was executed in March 1948. The preceding year appellants, the daughter and son-in-law, had moved onto the home farm to live with the grantor. At that time he was enfeebled and needed someone to take care of him. Shortly before appellants moved to the farm, several of his children (who lived elsewhere) had consulted an attorney concerning the possibility of having a committee appointed to handle his estate. There is evidence that the daughter who is appealing knew that such a matter was being considered.

A substantial amount of proof was taken, and several witnesses testified that for several years before his death the grantor did not have the mental capacity to comprehend fully the nature and consequences of the deed transaction. Witnesses for appellants testified in substance to the contrary. There was no medical testimony.

The attorney who represents appellants drafted the deed but did not testify. The notary public who took the acknowledgment was not asked any questions concerning the mental competency of the grantor. There were some unusual circumstances with respect to the execution of the deed, which indicate appellants at that time had some question in their minds as to whether or not an attempt might not be made to set it aside.

There is evidence that the appellant daughter was a person of strong will, and also that in the later years of his life the grantor was easily influenced. Of course this daughter and her husband, living with the grantor, had the opportunity to and undoubtedly did influence him. This fact does not by itself establish undue influence, but it is an element to be considered in determining if the execution of the deed was the voluntary, independent and understanding act of the grantor.

The record shows that the grantor was in bad health and had to be taken care of before and at the time of the execution of the deed. The proof of his mental capacity was not very persuasive, and appellants are forced to rely heavily on the fact that he was a good checker player. Whether or not such proficiency indicates business acumen we do not undertake to decide. As opposed to the checker playing ability, however, there was abundant evidence that the grantor did not have sufficient mental capacity to execute this deed of his own free will and with an understanding judgment. In view of the relationship between the parties, the age and the physical condition of the grantor, we think the burden was upon appellants to prove the transaction was voluntarily entered into and fully comprehended by him. They did not sustain this burden, and we have no doubt of the correctness of the Chancellor's finding.

We of course do not pass upon the right of appellants, if any, to compensation for their services, which was the recited consideration in the deed.

The judgment is affirmed.